THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKETS, INC.
EMPLOYEE STOCK PURCHASE
PLAN, and PUBLIX SUPER MARKETS,
INC., a Florida corporation, as Plan
Administrator,

CASE NO.: _____

      Plaintiff,

vs.

BONNIE D. LINDSEY, JR.; LAURI A.
LINDSEY; NANCY M. MAPSON; JAMES
C. NICHOLS; SANTIAGO R. PINTO;
JULIO SALINAS; MARIA V. TAJMAN;
JULIA ABNER; ISABEL MCKENZIE;
OLGA A. ESPINOSA ANDERSON, each
individually, and ISABEL MCKENZIE and
OLGA A. ESPINOSA ANDERSON in their
capacities as the CO-PERSONAL
REPRESENTATIVES OF THE ESTATE OF
PETER J. VALDEZ,

      Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

      Plaintiffs, Publix Super Markets, Inc. Employee Stock Purchase Plan and Publix Super Markets, Inc., a Florida corporation (collectively "Publix"), by and through its undersigned counsel, sues Defendants, BONNIE D. LINDSEY, JR.; LAURI A. LINDSEY; NANCY M. MAPSON; JAMES C. NICHOLS; SANTIAGO R. PINTO; JULIO SALINAS; MARIA V. TAJMAN; JULIA ABNER; ISABEL MCKENZIE and OLGA A. ESPINOSA ANDERSON, each individually, and ISABEL MCKENZIE and OLGA A. ESPINOSA ANDERSON also in their

capacities as the CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF PETER J. VALDEZ (hereinafter collectively referred to as "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure, seeking to interplead proceeds, to obtain an order from the Court to designate the proper payee of such proceeds and for other relief as deemed appropriate.

2. This Court has subject-matter jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that at least one defendant resides in this district and there is no district in which an action may otherwise be brought as to all parties.

## THE PARTIES

4. Plaintiff Publix is a Florida corporation with its principal place of business in Lakeland, Florida and is the plan administrator for the Publix Super Markets, Inc. Employee Stock Purchase Plan (the "Plan"), a plan qualified pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

5. Defendant Bonnie D. Lindsey, Jr. is a citizen of the State of Colorado, resides in Elbert County, Colorado, and has a purported interest in the account that is the subject of this action.

6. Defendant Lauri A. Lindsey is a citizen of the State of Colorado, resides in Elbert County, Colorado, and has a purported interest in the account that is the subject of this action.

7. Defendant Nancy M. Mapson is a citizen of the State of Florida, resides in Broward County, Florida, and has a purported interest in the account that is the subject of this action.

8. Defendant James C. Nichols is a citizen of the State of Florida, resides in Miami-Dade County, Florida, and has a purported interest in the account that is the subject of this action.

9. Defendant Santiago R. Pinto is a citizen of the State of Florida, resides in Broward County, Florida, and has a purported interest in the account that is the subject of this action.

10. Defendant Julio Salinas is a citizen of the State of Florida, resides in Broward County, Florida, and has a purported interest in the account that is the subject of this action.

11. Defendant Maria V. Tajman is a citizen of the State of North Carolina, resides in Cumberland County, North Carolina, and has a purported interest in the account that is the subject of this action.

12. Defendant Julia Abner is a citizen of the State of North Carolina, resides in Cumberland County, North Carolina, and has a purported interest in the account that is the subject of this action.

13. Defendant Isabel McKenzie, a Co-Personal Representative of the Estate of Peter J. Valdez is a citizen of the State of Florida, resides in Polk County, Florida, and has a purported interest in the account that is the subject of this action both individually and on behalf of the Estate of Peter J. Valdez.  The administration of the Estate of Peter J. Valdez is pending in the Circuit Court in and for Broward County, Florida, Probate Division.

14. Defendant Olga A. Espinosa Anderson, a Co-Personal Representative of the Estate of Peter J. Valdez is a citizen of the State of Florida, resides in Broward County, Florida, and has a purported interest in the account that is the subject of this action both individually and on behalf

of the Estate of Peter J. Valdez.  The administration of the Estate of Peter J. Valdez is pending in the Circuit Court in and for Broward County, Florida, Probate Division.

## BACKGROUND

15. As an employee of Publix, Peter J. Valdez was a participant in the Publix Super Markets, Inc. Employee Stock Purchase Plan (the "Plan"), and held ESPP accounts in the Plan (the "ESPP Accounts").

16. On or about September 20, 2019, Peter J. Valdez provided Publix with five properly completed and executed Publix Stock Transfer Request Forms, requesting to transfer portions of the shares held in the ESPP Accounts to Bonnie D. Lindsey, Jr., Lauri A. Lindsey, Nancy M. Mapson, James C. Nichols, Santiago R. Pinto and Julio Salinas (collectively, the "Transferees"). A composite of the Publix Stock Transfer Request Forms is attached as **Exhibit A.**

17. On or about October 2, 2019, Peter J. Valdez died.

18. At the time of the death of Peter J. Valdez, the ESPP Accounts remained a part of the Plan.

19. Pursuant to the provisions of the Plan, Publix is obligated to honor transfers as directed by the owners of ESPP accounts as designated on properly completed and executed Publix Stock Transfer Request Forms delivered to Publix.

20. Upon receipt of the Publix Stock Transfer Request Forms from Peter J. Valdez and additional forms required from the Transferees, Publix transferred shares of Publix stock from the ESPP Accounts to the respective Transferees as directed on the executed Publix Stock Transfer Request Forms that Peter J. Valdez delivered to Publix.

21. Upon information and belief, a probate action has been commenced in the Circuit Court in and for Broward County, Florida, Probate Division, for the Estate of Peter J. Valdez, Case No. PRC 200000597.

22. Upon information and belief, Isabel McKenzie and Olga A. Espinosa Anderson have been named Co-Personal Representatives of the Estate of Peter J. Valdez.

23. On or about January 29, 2020, counsel for the Maria V. Tajman, Isabel McKenzie, Olga A. Espinosa Anderson and Julie Abner notified Publix that they contested the validity of the Publix Stock Transfer Request Forms that Peter J. Valdez provided to Publix. A copy of this January 29, 2020 letter contesting the Publix Stock Transfer Request Forms is attached hereto as **Exhibit B**.

24. Through the January 29, 2020 letter, counsel for Maria V. Tajman, Isabel McKenzie, Olga A. Espinosa Anderson and Julie Abner cautioned Publix to refrain from distributing the proceeds of the shares previously held in the ESPP Accounts to the Transferees.

25. The Transferees have begun asserting their entitlement to the proceeds of their respective designated shares previously held in the ESPP Accounts.

26. As a result of the challenge to the validity of the Publix Stock Transfer Request Forms from Peter J. Valdez, the demand that Publix refrain from distributing proceeds of the shares that were previously held in the ESPP Accounts and the demand by at least one of the Transferees to liquidate the shares transferred from the ESPP Accounts, Publix has retained possession of the shares previously held in the ESPP Accounts.

27. All conditions precedent to the bringing of this action have occurred.

## INTERPLEADER

28. Publix realleges paragraphs 1 through 27 as though fully set forth herein.

29. Publix is ready, able and willing to pay the proceeds of the shares transfer the shares previously held in the ESPP Accounts, except that Publix is in doubt as to whom it should direct the proceeds of these shares.

30. Publix could be exposed to liability beyond the value of the proceeds of the shares previously held in the ESPP Accounts if it pays the proceeds to either the Co-Personal Representatives of the Estate of Peter J. Valdez or the Transferees.

31. Publix is without adequate knowledge and information to determine who is entitled to the proceeds of the shares previously held in the ESPP Accounts.

32. Publix did not cause the potential conflicting claims between Defendants and has no interest in the proceeds of the shares previously held in ESPP Accounts, other than to bring all such claims before this Court for judicial determination.

33. Publix has a reasonable and bona fide fear that making a payment to any of the parties who have demanded the proceeds of the shares previously held in the ESPP Accounts proceeds would expose Publix to liability in excess of the value of the shares previously held in the ESPP Accounts, either now or in the future.

34. Publix seeks an Order from this Court as to the proper distribution of the shares that were previously held in the ESPP Accounts.

35. Publix has retained the undersigned counsel to represent it in this cause and has agreed to pay reasonable fees for such representation.

WHEREFORE, Publix Super Markets, Inc. Employee Stock Purchase Plan, by and through its Plan Administrator, Publix Super Markets, Inc. respectfully requests that the Court enter judgment:

A. Directing Publix and the Plan to retain the shares previously held in the ESPP Accounts pending further direction of this Court;

B. Directing the Defendants to interplead their rights to receive the proceeds of the shares previously held in the ESPP Accounts;

C. Restraining Defendants, their agents and attorneys, from instituting any action against Publix or the Plan to recover any shares or proceeds of shares previously held in the ESPP Accounts;

D. Discharging Publix and the Plan, with prejudice, from all liability to Defendants arising out of the matters set forth herein upon direction as to the disposition of the contested shares;

E. Entering an Order awarding Publix and the Plan payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action from the proceeds of the shares previously held in the ESPP Accounts; and

F. For such other and further relief as this Court deems just and proper.

Dated this 31st day of August 2020.

Respectfully submitted,

/s/ Kathleen S. McLeroy
Kathleen S. McLeroy
Florida Bar Number
E-mail: kmcleroy@carltonfields.com (primary)
           nkapadia@carltonfields.com (secondary)
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
*Overnight address and location:*
4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

*Attorneys for Plaintiff,* Publix Super Markets, Inc. Employee Stock Purchase Plan *and* Publix Super Markets, Inc.